Hand-Delivered

FILED
CHARLOTTE, NC

DEC 12 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JASMINE SMITH<br>　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.<br>Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) Case No. 3:25-cv-984-MOC<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.　INTRODUCTION

1. This is a civil action by Plaintiff JASMINE SMITH, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant LEXISNEXIS RISK SOLUTIONS INC. ("LexisNexis" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Defendant is a consumer reporting agency that maintains extensive files on consumers and uses those files to furnish consumer reports to third parties. Plaintiff requested a full file disclosure of all information in her file. Even after Plaintiff provided the identifying information

1

Defendant's process required, and later mailed Defendant its own request form together with copies of government-issued identification, Defendant refused and failed to provide Plaintiff with her full file disclosure, in violation of 15 U.S.C. § 1681g(a)(1) and related provisions.

## II.   JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. 1681(p), and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained of occurred in Charlotte, Mecklenburg County, North Carolina.

## III.   PARTIES

4. Plaintiff, JASMINE SMITH, is a natural person residing in Charlotte, Mecklenburg County, North Carolina. Plaintiff is a "consumer" as defined in 15 U.S.C. §1681a (b) and (c).

5. Upon information and belief, Defendant LEXISNEXIS is a California entity duly authorized and qualified to do business in the state of North Carolina.

6. Defendant LEXISNEXIS is a "Consumer Reporting Agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

7. Upon information and belief, LEXISNEXIS is regularly engaged in the business of compiling, and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    A. Public Record information;

    B. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

    C. For purposes of this complaint, any reference to "Defendant" or "LEXISNEXIS" includes, without limitation, the named Defendants, Its agents, employees, representatives, attorneys, contractors, business associates, partners, successors, predecessors, assigns, affiliates, parents, subsidiaries, officers, directors, managing agents, and any person or entity acting or purporting to act on behalf, with its authorization, ratification, or knowledge. It also includes

3

any fictitiously named defendants, and any other third party that participated in, contributed to, or benefited from the violations alleged in this Complaint, Whether directly or indirectly.

### IV. FACTS OF THE COMPLAINT

8. On or about September 15, 2025, Plaintiff submitted a request for her **full file disclosure** (sometimes referred to as a "consumer disclosure" or "Section 609 disclosure") through Defendant's online portal at consumer.risk.lexisnexis.com.

9. Through that online request, Plaintiff provided all identifying information Defendants form demanded, including: full legal name; current residential address (and mailing address); date of birth; social security number; telephone; and drivers license with issuing state.

10. The online process did not present or require any document-upload step for images of identification or proof of address; instead, the portal collected the data fields described above and allowed Plaintiff to submit the request only after he completed them.

4

11. Defendant acknowledged Plaintiff's online request and assigned it reference/case number 25243959, thereby confirming that it had received Plaintiff's request for a full file disclosure.

12. On or about October 7, 2025, Defendant sent Plaintiff a written denial stating that it was "unable to authenticate" her identity and refusing to provide the requested disclosure.

13. In that denial, Defendant cited vague and contradictory reasons such as "documents were not legible," "no identity verification documents were submitted," or "documents did not qualify," even though the online portal never requested that Plaintiff upload identity documents and provided no option for Plaintiff to submit such documents with her request.

14. Defendant's denial letter referred back to the same categories of identifying information that Plaintiff had already provided through the online form, while at the same time refusing to disclose Plaintiff's file based on supposed deficiencies that were inconsistent with Defendant's own process.

15. Plaintiff followed Defendant's online instructions and provided all information the portal requested. Under these circumstances, Plaintiff had provided "proper identification" within the meaning of 15 U.S.C. §

5

1681h(a), and Defendant was obligated to disclose all information in Plaintiff's file under 15 U.S.C. § 1681g(a)(1).

16. After receiving Defendant's October 7, 2025 denial, Plaintiff took additional steps to comply with Defendant's identity-verification demands. Plaintiff obtained Defendant's mail-in request form for a consumer disclosure, completed that form, and on or about [month/day/year – to be filled in] mailed it to Defendant at the address specified on the form.

17. With this mailed request, Plaintiff enclosed copies of government-issued identification and proof of identity, including a copy of her state driver's license and sufficient identifying information such as her full legal name, current residential address, date of birth, and Social Security number. These materials again constituted "proper identification" under 15 U.S.C. § 1681h(a).

18. Despite Plaintiff's written and mailed request, together with copies of her identification, Defendant failed and refused to provide Plaintiff with a full file disclosure in response to her request.

19. As of the date of this Complaint, Defendant has not provided Plaintiff with a full file disclosure in response to her September 15, 2025 online request or her subsequent mailed request with identification.

20. Defendant's failure and refusal to provide the full file disclosure deprived Plaintiff of access to information in Defendant's files about him and hindered Plaintiff's ability to evaluate the accuracy and completeness of that information and to exercise other rights granted by the FCRA, including her rights to dispute inaccurate information, to request corrections, and to monitor how her information is being used and shared.

21. Defendant's refusal to honor Plaintiff's requests was not an isolated clerical error. On information and belief, Defendant maintains policies, procedures, and practices that unreasonably block or delay consumers' access to their own files, including by denying requests even after consumers provide all identifying information and documentation that Defendant's own processes require.

## V. JASMINE SMITH ACTUAL DAMAGES AND STANDING FROM LEXISNEXIS ACTION AND INACTIONS

22. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages, including but not limited to emotional distress, anxiety, frustration, and confusion arising from being unable to determine what information Defendant maintains about him, how that information is being used, and whether it is accurate.

23. The confusion and frustration caused by Defendant's contradictory communications and refusal to provide Plaintiff's file have contributed to Plaintiff seeking and attending therapy sessions to address stress, anxiety, and related emotional harm.

24. Plaintiff has also expended time and effort attempting to obtain her file, reviewing Defendant's correspondence, researching her rights under the FCRA, and preparing written requests and follow-up communications.

25. Additionally, Defendant's refusal to provide Plaintiff with "all information in [her] file" has caused informational and privacy harm by denying Plaintiff the specific information that federal law entitles him to receive about himself.

## VI. FIRST CLAIM FOR RELIEF
(Defendant LEXISNEXIS)
15.U.S.C 1681g(a)1

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and (p).

28. On or about September 15, 2025, Plaintiff requested that Defendant provide him with a full file disclosure of all information

in her file, as provided in 15 U.S.C. § 1681g(a)(1). As alleged above, Plaintiff provided Defendant with proper identification within the meaning of 15 U.S.C. § 1681h(a), including through Defendant's online portal and by mailing Defendant's written request form together with copies of government-issued identification and other identifying information.

29. Despite receiving Plaintiff's requests and proper identification, Defendant failed to clearly and accurately disclose to Plaintiff all information in her file within a reasonable period of time, in violation of 15 U.S.C. § 1681g(a)(1).

30. Defendant's violations were willful, or in the alternative, negligent, within the meaning of 15 U.S.C. §§ 1681n and 1681o, because Defendant knew or should have known that refusing to provide Plaintiff with her file after he supplied proper identification violated the FCRA.

31. As a result of Defendant's violations of 15 U.S.C. § 1681g(a)(1), Plaintiff has suffered actual damages as described above and is entitled to recover actual damages, statutory damages, punitive damages, costs of the action, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff JASMINE SMITH respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/JASMINE Smith

10310 Bradstreet Commons Way

Charlotte, NC 28215
419.494.1677 (telephone)
teddyg1989@gmail.com (email)